NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0031n.06
Filed: October 15, 2004

No. 03-5673

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROBERT O. YONTS,

    Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY COMPANY,

    Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

_____/

Before:     KEITH, MARTIN, and ROGERS, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Robert O. Yonts appeals the district court's judgment affirming Continental Casualty Company's denial of Yonts's request for long term disability benefits. Because we believe that the Company acted arbitrarily and capriciously in refusing to consider certain medical evidence submitted by Yonts, we vacate the district court's judgment and remand this case for further proceedings.

**I.**

In 1991, Robert Yonts suffered an on-the-job back injury while working for Howmet Corporation. Several years later he suffered a relapse that necessitated back surgery. Unfortunately, the surgery proved to be unsuccessful, and Yonts ceased working for Howmet on July 14, 1998. On October 25, 1998, Yonts first applied for disability benefits under the Group Long Term Disability Policy established by Howmet through Continental Casualty Company. On January 27, 1999, the Company approved Yonts's application and awarded benefits for a maximum of thirty-six months.

Pursuant to the plan, however, after thirty-six months Yonts would receive benefits only if he could demonstrate that he was "totally disabled" such that he was unable to perform any occupation.

In September 2001, the Company notified Yonts that his disability benefits would terminate on January 19, 2002, at the end of the thirty-six month period, as a result of a physical therapist's functional capacity evaluation that indicated that Yonts would be able to perform several alternative occupations. The physical therapist's conclusion was based in part on his opinion that Yonts exhibited "Inappropriate Illness Behaviors" and "Symptom Exaggeration" due to "disproportionate verbalization about his high levels of pain and decreased functional abilities." The Company afforded Yonts the opportunity to submit additional medical information in support of his claim before January 19, 2002. In November 2001, Yonts submitted reports from two physicians, which the Company determined were insufficient to prove that he was totally disabled. In December, Yonts requested reconsideration and a window of sixty days in which to provide additional medical evidence. The Company obliged and agreed to hold his record open for sixty days, until February 13, 2002. Yonts submitted additional medical reports prior to that deadline, but to no avail.

On February 13, the day on which the sixty-day extension was to expire, counsel for Yonts faxed a letter to the Company requesting that the administrative record be kept open for an additional sixty days to allow Yonts the opportunity to perfect his appeal with additional medical records. Within twenty-four hours, Yonts submitted a report by Dr. Kelley Walker, his treating psychiatrist, opining that Yonts was unable to perform any foreseeable job duties due to his ongoing chronic low back pain as well as his severe symptoms of major depression. Yonts considers Dr. Walker's report particularly significant because it explains and justifies the behavioral abnormalities

exhibited by Yonts that affected the physical therapist's determination that he was not totally disabled. The faxed cover letter accompanying Dr. Walker's report informed the Company that such report "will complete the information we needed in order to perfect Mr. Yonts's appeal."

That same day, February 14, the Appeals Committee sent counsel for Yonts a letter indicating that no further extensions would be granted and that no further medical evidence would be considered. The letter stated, in pertinent part:

> At this time, Appeals finds reasonable the original 60-day extension granted by [the Company] and; will no longer continue to hold open the above referenced administrative record. Therefore, your request for an additional 60-day extension is hereby denied and; the appellate review in this matter has been completed while relying on the content of the administrative record as it is currently held.

The Appeals Committee's decision upholding the denial of benefits was also issued on February 14. Thus, it is clear that Dr. Walker's report was excluded from the administrative record and was not considered by either the Company or the Appeals Committee.

Yonts subsequently filed suit in the district court challenging the Company's termination of disability benefits. On May 5, 2003, the district court issued a memorandum opinion upholding the denial of benefits and entering judgment for the Company. This timely appeal followed.

**II.**

We review de novo the district court's grant of summary judgment in an action involving a claim pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710-11 (2000) (citing *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998)). The standard of review for a plan administrator's denial of benefits is de novo unless the plan grants discretionary authority to the

administrator to determine eligibility for benefits or to construe the terms of the plan, in which case the administrator's actions are reviewed under the arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Williams*, 227 F.3d at 710-11. It is undisputed that the plan at issue in this case contains an express grant of discretionary authority to the claims administrator; thus, the arbitrary and capricious standard of review applies.

Yonts claims that the Company acted in an arbitrary and capricious fashion by failing to give sufficient weight to the medical opinions of his treating physicians and by failing to consider the report of Dr. Walker. Under the circumstances presented in this case, we agree that the Company's refusal to grant Yonts's February 13 request for an additional brief extension of time within which to submit further medical evidence – specifically, Dr. Walker's report – was arbitrary and capricious, particularly considering the disproportionately long period of time that the Company had to gather its medical evidence. *See Killian*, 152 F.3d at 521-22 (holding that a plan administrator acted in an arbitrary and capricious manner by refusing to consider additional medical evidence submitted by the claimant after the administrator's initial denial of benefits, because the plan did not "require" the administrator to "forestall consideration of additional evidence"). Even an extension of *one day* would have been sufficient to allow Yonts to submit the remainder of the evidence "needed in order to perfect [his] appeal." Moreover, given that the physical therapist's report – which relied heavily upon the behavioral abnormalities that Yonts exhibited during the examination – was the primary piece of medical evidence supporting the

Company's denial of benefits, Dr. Walker's report was crucial to Yonts because it explained the

psychiatric reasons for Yonts's behavior during the physical therapist's examination.

For these reasons, this case will be remanded with instructions for the Company to admit

Dr. Walker's report into the administrative record and to consider it, along with the other

evidence submitted in connection with Yonts's claim, in determining whether Yonts is entitled to

long term disability benefits. The district court's judgment is therefore VACATED and the case

is REMANDED for further proceedings consistent with this opinion.

ROGERS, J., dissenting.  I respectfully dissent.  With 37 days remaining, the administrator had previously granted a 60-day extension of time to submit further materials.  It was reasonable for the administrator to deny a last-minute request for an additional 60 days.  Certainly the denial did not amount to an abuse of discretion.